UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAVANNAH STEVENS, ) | |
| ) | |
| Plaintiff, ) | Case: 1:24-cv-05175 |
| ) | |
| v. ) | |
| ) | |
| FOLLET HIGHER EDUCATION GROUP, ) | |
| LLC, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Savannah Stevens ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Follet Higher Education Group, LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Savannah Stevens, resides in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Follett Higher Education Group, LLC, is a limited liability company doing business in and for Cook County whose address is 3 Westbrook Corporate Center, Suite 200, Westchester, Illinois 60154-5728.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees.

11. During the applicable limitations period, Defendant has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

**BACKGROUND FACTS**

12. Plaintiff was hired by Defendant as Campus Store Manager on or around May 1, 2023.

13. Plaintiff's essential job duties included but are not limited to:

    a. Handling scheduling and payroll;

    b. Point of contact on campus for students and department heads;

    c. Maintain various reports for the store.

14. Plaintiff is a "qualified individual" as defined under the ADA.

15. Plaintiff has a mental impairment that substantially limits major life activities, including her ability to sleep, think, concentrate and interact with others.

16. At all times material, Defendant knew or should have known that is a qualified individual with a disability.

17. Regardless of Plaintiff's disabilities, Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

18. Plaintiff began her employment with Defendant as a Campus Store Manager at a high school bookstore.

19. When Defendant's contract with the high school ended, Plaintiff was demoted to a Campus Store Leader position, and relocated to a bookstore at the University of Illinois Chicago ("UIC").

20. Plaintiff was overwhelmed working at the new location as it triggered disability symptoms.

21. The workload triggered her symptoms for numerous reasons including but not

limited to the length and high-traffic conditions of the commute and the parking location being at a juvenile detention center.

22. On or around April 1 or 2, 2024, Plaintiff emailed her regional manager, Derek Pollock, stating that she felt uncomfortable at the new location and that she did not believe that the location was a good fit.

23. Plaintiff spoke to Mr. Pollock on the phone to explain that her discomfort did not relate to the staff at that location but that the discomfort was from other aspects of that specific placement causing her to feel extremely anxious, overwhelmed, and concerned for her mental health.

24. Plaintiff expressed her desire to stay with the company and requested to transfer to a different location.

25. While working at that location, Plaintiff's stress caused her to have a mental health breakdown.

26. Plaintiff began to shut down mentally, becoming numb to emotions, and fall into depression.

27. At times, Plaintiff was unable to get out of her bed due to her symptoms.

28. On or around April 4, 2024, Plaintiff had an internal interview with a Market Leader/Store Lead for a different position with Defendant in Wheaton, Illinois.

29. During the interview, Plaintiff explained the various aspects of the UIC location that were triggering her disability – specifically her anxiety.

30. Later that day, Plaintiff reported to Mr. Pollock that she was struggling and specifically texted him stating, "I'm struggling with my mental health, and I think I had a

breakdown. I'm sorry."

31. On or around April 5, 2024, Plaintiff texted Mr. Pollock again stating, "I have been struggling with my mental health, but I am eager to return to work as soon as possible."

32. Plaintiff also stated that she enjoyed the Wheaton location, which she interviewed with, and stated that "it had a pleasant atmosphere, easy commute, and it felt like a good place for me."

33. Later that day, Plaintiff logged into her work application, where the screen stated that her employment had been terminated.

34. Defendant had an open position at the Wheaton location that Plaintiff was qualified for, but refused to place her in that position due to her disability.

35. Plaintiff requested a transfer to the Wheaton location as an accommodation, but Defendant failed to engage in the interactive process, and ultimately denied Plaintiff's request for accommodations.

36. Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request for a transfer to a location that did not exacerbate Plaintiff's disability.

37. At no time did Defendant engage in the interactive process to determine reasonable accommodations for Plaintiff.

38. Plaintiff's request for accommodation was not an undue burden on Defendant.

39. Ultimately, on or about April 5, 2024, Plaintiff was terminated on the basis of Plaintiff's disability and engaging in protected activity as described above.

40. The purported justification for termination was pretext to unlawful discrimination based on disability and retaliation for engaging in protected activity.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

41. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

43. Plaintiff met or exceeded performance expectations.

44. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

45. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

46. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

47. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

48. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

49. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

50. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

51. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq

52. Plaintiff is a qualified individual with a disability.

53. Defendant was aware of the disability and the need for accommodations.

54. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

55. Plaintiff's reasonable accommodation that was requested was not an undue burden on the Defendant.

56. Defendant did not accommodate Plaintiff's disability.

57. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

58. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Retaliation)

60. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

61. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

62. During Plaintiff's employment with Defendant, Plaintiff requested accommodations for her disability.

7

63. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

64. In response to Plaintiff's request, Defendant failed to engage in the interactive process to determine reasonable accommodations for Plaintiff.

65. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations for her disability, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

66. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

67. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

68. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Compensatory and punitive damages;

    e. Reasonable attorneys' fees and costs;

    f. Award pre-judgment interest if applicable; and

      g.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 21st day of June, 2024.

                                              /s/ *Travis P. Lampert*
                                              **TRAVIS P. LAMPERT, ESQ.**
                                              **SULAIMAN LAW GROUP LTD.**
                                              2500 S. Highland Avenue, Suite 200
                                              Lombard, Illinois 60148
                                              Phone (630) 581-5456
                                              Fax (630) 575 - 8188
                                              tlampert@sulaimanlaw.com
                                              *Attorney for Plaintiff*